66144. JACK GRESHAM, INC. et al. v. NORTH GEORGIA ELECTRIC MEMBERSHIP CORPORATION.

BANKE, Judge.

The appellee, North Georgia Electric Membership Corporation, brought this action to collect $4,924.32 allegedly owed by the appellant on open account for the purchase of electric power. In defense of the claim, the appellant contends that it purchased the electricity pursuant to an unenforceable contract of "adhesion," and it has counterclaimed for $30,000 in alleged overcharges previously paid to appellee pursuant to the contract. This appeal is from a grant of summary judgment to the appellee as to both the complaint and the counterclaim.

The gist of the appellant's defense is that it was forced to purchase electricity from the appellee and to discontinue utilizing the less expensive services of Georgia Power Company because the two utilities had entered into an unlawful conspiracy in restraint of trade, whereby they restricted their areas of service by geographic zones. In response to requests for admissions, the appellant admitted that the account balance specified in the complaint was in fact correct and also admitted having executed a written contract with the appellee specifying the rates to be charged. The appellant contends, however, that some of the charges making up the account balance were for construction costs and installation services which were not performed. The appellee denies this allegation and has submitted an affidavit stating that all of the charges were for electric power actually furnished. *Held:*

Providers of electricity obviously do not engage in an unlawful conspiracy in restraint of trade by limiting their service to those areas assigned to them by the Public Service Commission under the authority of the Georgia Territorial Electric Service Act, OCGA §

46-3-1 et seq. (Code Ann. § 34B-201 et seq.). See generally *City of Calhoun v. N. Ga. Elec. Membership Corp.*, 233 Ga. 759 (5) (213 SE2d 596) (1975). The appellant makes no contention that the division of zones between Georgia Power Company and the appellee was not approved by the Public Service Commission pursuant to the Georgia Territorial Electric Service Act, nor does it contend that the rates charged by the appellee were not approved by the Public Service Commission. Having admitted both the correctness of the account balance and its execution of a written agreement to pay the rates charged, and having advanced no cognizable defense to the appellee's claim, the appellant must be deemed liable on the account as a matter of law. Thus, the trial court did not err in granting the appellee's motion for summary judgment.

*Judgment. affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 31, 1983.

*Larry J. Barkley,* for appellants.
*Henry C. Tharpe, Jr., Timothy H. Allred,* for appellee.